**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JAMAAR DEWAYNE LOGAN, as Executor of the Estate of Mary Francis Logan, ALPHONZO LOGAN, and DEWAYNE LOGAN, <br><br>                Plaintiffs,<br>    v.<br><br>MACON REHABILITATION AND HEALTHCARE CENTER, LLC,<br><br>                Defendant,<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY, IRONSHORE INSURANCE SERVICES LLC, and IRONSHORE INDEMNITY INC.,<br><br>                Garnishees. | Civil Action No. _____ |

**NOTICE OF REMOVAL OF IRONSHORE SPECIALTY INSURANCE
COMPANY, IRONSHORE INSURANCE SERVICES LLC, AND
<u>IRONSHORE INDEMNITY INC.</u>**

TO THE CLERK OF THE COURT OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Ironshore Specialty Insurance Company ("Specialty"), Ironshore Insurance Services LLC ("Services"), and Ironshore Indemnity Inc. ("Indemnity")

(collectively, "Ironshore") submit this Notice of Removal of this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia. In support of removal, Ironshore states as follows:

## BACKGROUND

1. On October 26, 2023, Plaintiffs Jamaar Dewayne Logan, as Executor of the Estate of Mary Francis Logan; Alphonzo Logan; and Dewayne Logan (collectively, "Plaintiffs") filed an Affidavit of Regular Garnishment in the State Court of Gwinnett County, Georgia (the "State Court"), in Garnishment Case No. 23-GC-04943 (the "State Court Action"). The Affidavit was signed by Foss Baker, Attorney at Law for the Plaintiffs, and listed as Garnishees Specialty, Services, and Indemnity. *See* Ex. A.

2. Also on October 26, 2023, the Clerk or Deputy Clerk of the State Court caused three Summonses of Regular Garnishment (the "Summonses") to issue, naming as Garnishees Specialty, Services, and Indemnity, respectively. *See id.*

3. Plaintiffs contend that they have a valid judgment against Macon Rehabilitation and Healthcare Center, LLC ("Macon Rehab"), and Plaintiffs filed this post-judgment garnishment against Specialty, Services, and Indemnity, seeking payment under an insurance policy issued by Specialty to 4 West Holdings, Inc., the former parent company of Macon Rehab. However, the

insurance policy does not afford coverage for the underlying judgment; accordingly, none of Specialty, Services, nor Indemnity holds property subject to garnishment.

4. On October 27, 2023, Specialty was served with a copy of the Summons directed to Specialty. *See* Ex. B.

5. On October 30, 2023, Services was served with a copy of the Summons directed to Services, *see* Ex. C, and Indemnity was served with a copy of the Summons directed to Indemnity, *see* Ex. D.

6. Attached hereto as Exhibit E is a copy of the docket in the State Court Action.

7. Attached hereto as Exhibit F is a copy of all process, pleadings, and orders served upon Specialty, Services, and Indemnity in the State Court Action.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

8. This removal notice is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty days after the receipt by each of Specialty, Services, and Indemnity, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b).

9. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. Garnishment actions brought post-judgment to collect a judgment are separate civil actions that are removable. *Webb v. Zurich Ins. Co.*, 200 F.3d 759, 760 (11th Cir. 2000). Actions like this garnishment proceeding against Specialty, Services, and Indemnity "are in effect suits involving a new party, litigating the existence of a new liability." *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). Garnishment proceedings are properly removed and a motion to remand is properly denied where, as here, the insurer garnishee has removed the case to federal court alleging that the garnishment proceedings are a separate and independent cause of action with diversity of parties. *Webb*, 200 F.3d at 760.

11. Removal of this action to this Court, district, and division is proper because the State Court of Gwinnett County, Georgia, where Plaintiffs filed the State Action, is located within the geographic area embraced by the United States District Court for the Northern District of Georgia and the Atlanta Division of that Court. *See* 28 U.S.C. § 90(a).

12. This Notice of Removal is filed by all three Garnishees in the State Action. A garnishee may remove. *See Webb*, 200 F.3d at 760 (Zurich removed the case to federal court…. A magistrate judge correctly denied Webb's motion to

- 4 -

remand the case."); *see also Armentrout v. Atl. Cas. Ins. Co.*, 731 F. Supp. 2d 1249 (S.D. Ala. 2010) (argument that garnishee is not entitled to remove "runs afoul" of *Webb* and *Butler*).

13. Each Garnishee expressly joins in and consents to each other garnishee's removal of this action.

## BASIS FOR JURISDICTION

14. Removal is proper because this Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a), given that complete diversity of citizenship exists among the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

15. A garnishment action is "not [a 'direct action'] within the meaning of 28 U.S.C. § 1332(c)(1) because the injured party must first obtain a judgment against the insured before filing a separate garnishment proceeding against the liability insurer." *Merritt v. Campana Tech., Inc.*, No. 1:08-CV-2375, 2008 WL 11334398, at *3 (N.D. Ga. Oct. 28, 2008).

16. Complete diversity exists among the parties.

17. Each plaintiff is a citizen of Georgia.

18. Specialty is an Arizona corporation with its principal place of business in Massachusetts.

19. Services is an LLC whose sole member is Ironshore Holdings (U.S.)

Inc. ("Holdings"). Holdings is a Delaware corporation with its principal place of business in Delaware.

20. Indemnity is a Minnesota corporation with its principal place of business in New York.

21. Defendant and judgment debtor Macon Rehab is not a party to the garnishment at the time of removal. *See* O.C.G.A. § 18-4-15(a) ("A garnishment proceeding is an action between the plaintiff and garnishee."). A defendant/judgment debtor "may become a party to the garnishment by filing a claim with the clerk of court," but not before. *See id.* Macon Rehab has not filed a claim with the clerk of court in the garnishment action. *See* Ex. E.

22. Even if Macon Rehab were a party, it would be a nominal or formal party only. Indeed, on information and belief, Macon Rehab no longer exists. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Accordingly, Macon Rehab is not required to join this Notice of Removal, and its consent to remove is not required. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Loc. 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970) ("nominal or formal parties…are not required to join in the petition for removal").

23. Moreover, even if a non-nominal party, Macon Rehab would be aligned in this dispute with Plaintiffs, not Garnishees. "[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). "Where the parties' interests are the same…those parties must be aligned together…even where the parties' interests were in opposition outside of the issues raised in the subject action." *Id.* at 1314. To the extent that it still exists, Macon Rehab's interests are aligned with the Plaintiffs' here (presumably, desiring that Specialty provide coverage under its policy), not the Garnishees'. *See, e.g.*, *Merritt*, 2008 WL 11334298, at *2 (in a garnishment action removed by insurer, realigning policyholder as a plaintiff).

24. Accordingly, complete diversity of citizenship exists among the parties, in satisfaction of 28 U.S.C. § 1332(a) – *i.e.*, each Plaintiff is a citizen of Georgia, Specialty is a citizen of Arizona and Massachusetts, Services is a citizen of Delaware, and Indemnity is a citizen of Minnesota and New York.

25. This case also satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a) because each Plaintiff seeks damages that exceed $75,000.00, exclusive of interest and costs.

26. The Affidavit states that "$2,216,810.96 is the balance due, which consists of the sum of $1,900,000.00 Principal" and "$316,810.96 Post Judgment

Interest." Ex. A.

27. Each Summons lists "Plaintiff" as "Jamaar Dewayne Logan, as Executor of the Estate of Mary Francis Logan, Alphonzo Logan, & Dewayne Logan." *Id*. Each Summons also lists a "[t]otal amount claimed due by the Plaintiff" of $2,216,810.96, "[p]lus court costs due this summons" of $363.00, for a "[t]otal garnishment claim" of $2,217,173.96. *Id.*

## NOTICE TO PARTIES AND STATE COURT

28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the State Court of Gwinnett County, Georgia, and served on all parties and counsel of record in this action.

29. Ironshore respectfully submits that this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.


Dated:  November 22, 2023         Respectfully submitted,

                                  FREEMAN MATHIS & GARY


                                  */s Philip Savrin*
                                  Philip Savrin (Ga. Bar No. 627836)
                                  W. Shawn Bingham (Ga. Bar No. 839706)
                                  100 Galleria Parkway, Suite 1600
                                  Atlanta, GA 30339-5948
                                  (770) 818-1405

                                  Ronald P. Schiller (application for
                                  admission *pro hac vice* forthcoming)

Michael R. Carlson (application for admission *pro hac vice* forthcoming)
Matthew N. Klebanoff (application for admission *pro hac vice* forthcoming)
Thomas N. Brown (application for admission *pro hac vice* forthcoming)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200
(215) 568-0300 (facsimile)
rschiller@hangley.com
mcarlson@hangley.com
mklebanoff@hangley.com
tbrown@hangley.com

*Counsel for Garnishees Ironshore Specialty Insurance Company, Ironshore Insurance Services LLC, and Ironshore Indemnity Inc.*

## **CERTIFICATE OF SERVICE**

I, Philip Savrin, hereby certify that on November 22, 2023, I caused the foregoing, Notice of Removal of Ironshore Specialty Insurance Company, Ironshore Insurance Services LLC, and Ironshore Indemnity Inc., to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and to be sent via U.S. Mail, postage prepaid, to the following:

William W. Downs, Esq.
Foss Baker, Esq.
Downs Law, LLC
934 Glenwood Ave. SE, Ste. 110
Atlanta, GA 30316
*Counsel for Plaintiffs Jamaar Dewayne Logan, as Executor of the Estate of Mary Francis Logan; Alphonzo Logan; and Dewayne Logan*

Macon Rehabilitation and Healthcare Center, LLC
1001 Hawkins Street
Nashville, TN 37203

By: *Philip Savrin*
Philip Savrin